# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1143V
UNPUBLISHED

| | |
|---|---|
| CATHERINE JONES,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: November 10, 2022<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Maximillian J. Muller*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Terrence Kevin Mangan, Jr.*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On August 6, 2019, Catherine Jones filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a right shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine she received on October 31, 2016. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On September 19, 2022, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On November 10, 2022, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $42,500.00 for all damages. Proffer at 1. In the Proffer, Respondent represented that Petitioner

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $42,500.00, in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| CATHERINE JONES, <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | No. 19-1143V <br> Chief Special Master Corcoran <br> ECF |

**PROFFER ON AWARD OF COMPENSATION[1]**

**I.      Procedural History**

On August 6, 2019, Catherine Jones ("petitioner") filed a petition for compensation ("petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34, *as amended*. She alleges that, as a result of receiving the influenza vaccine on October 31, 2016, she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"). *See* Petition. On September 18, 2022, respondent filed his Vaccine Rule 4(c) report, electing not to defend this SIRVA Table case. On September 19, 2022, Chief Special Master Corcoran issued a ruling on entitlement, finding that petitioner was entitled to compensation for a SIRVA Table injury.

**II.     Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded a lump sum of **$42,500.00,** for all damages. This amount represents all elements of

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

### III.     Form of the Award

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment, as described below, and requests that the Chief Special Master's decision and the Court's judgment award the following: A lump sum payment of **$42,500.00**, in the form of a check payable to petitioner.[2]  Petitioner agrees.

            Respectfully submitted,

            BRIAN M. BOYNTON
            Principal Deputy Assistant Attorney General

            C. SALVATORE D'ALESSIO
            Director
            Torts Branch, Civil Division

            HEATHER L. PEARLMAN
            Deputy Director
            Torts Branch, Civil Division

            ALEXIS B. BABCOCK
            Assistant Director
            Torts Branch, Civil Division

---

[2]  Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.

*/s/* Terrence K. Mangan, Jr.
TERRENCE K. MANGAN, JR.
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Phone: (202) 532-5875
Email: terrence.mangan@usdoj.gov

Dated:  November 10, 2022